UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC GARDNER,

    Plaintiff,

v.                                                       Case No. 2:16-CV-3

MICHIGAN DEPARTMENT OF                 HON. GORDON J. QUIST
CORRECTIONS, et al.,

    Defendants.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

      Plaintiff, Eric Gardner, filed a civil rights action against Defendants pursuant to 42 U.S.C. § 1983, alleging that they failed to treat his serious medical conditions in violation of the Eighth Amendment. Defendants Covert, Monroe, and Filion filed a motion for summary judgment, arguing that Gardner failed to exhaust his administrative remedies. (ECF No. 55.) Gardner responded. (ECF No. 62.) Defendants Wilson, Crompton, Millette, and Paquette also filed a motion for summary judgment. (ECF No. 68.) Gardner responded, and requested a declaratory judgment. (ECF No. 77.) Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) on January 10, 2018, recommending that the Court grant Defendants' motions and dismiss the case in its entirety. (ECF No. 82.) Gardner objected. (ECF No. 85.) Wilson, Crompton, Millette, and Paquette responded to his objection. (ECF No. 87.)

      Pursuant to Federal Rule of Civil Procedure 72(b), a petitioner "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R

& R to which a petitioner objects. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Gardner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The R & R found that Gardner failed to exhaust a number of his claims in the state prisoner grievance process. Gardner fails to show that the R & R's conclusions are incorrect—instead offering vague or conclusory arguments that fail to overcome his procedural and substantive failings in the grievance process. For example, the R & R found that Gardner failed to exhaust two of his grievances before he filed the instant lawsuit. (ECF No. 82 at PageID.1916.) Gardner asserts, correctly, that he filed his Step III appeals prior to filing the lawsuit. (ECF No. 85 at PageID.1932.) The record evidence shows that although Gardner did file his Step III appeals prior to filing the lawsuit, he did not receive responses until after. (ECF No. 68-6 at PageID.625–29, 630–34.) The grievance process must be fully completed, *i.e.*, Step III responses received, before suit can be brought. *See Jones v. Bock*, 549 U.S. 199, 204, 127 S. Ct. 910, 914 (2007).

Gardner's remaining objections are likewise conclusory assertions and essentially are restatements of his earlier claims and do not present new arguments or show that the R & R was incorrect. The R & R adequately addressed Gardner's remaining claims, and the Court does not find the R & R to be incorrect. As the Defendants' response to Gardner's objections summarizes well, Gardner cannot show that any Defendant acted with deliberate indifference or otherwise establish that any Defendant violated his Eighth Amendment rights.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's R & R (ECF No. 82) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Plaintiff's Objections (ECF No. 85) are **OVERRULED**. Plaintiff's claims against Defendants Covert, Filion, and Monroe are dismissed without prejudice; Plaintiff's claims asserting deliberate indifference to his gastrointestinal and scabies concerns against Defendants Wilson, Paquette, and Crompton are dismissed without prejudice; Plaintiff's remaining claims against Defendants Wilson, Paquette, Crompton, and Millette are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 55, 68) are **GRANTED**, and Plaintiff's motion for declaratory judgment (ECF No. 77) is **DENIED**.

This case is concluded.

A separate judgment will issue

Dated: March 5, 2018  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE